843

Russell T. DAILEY, Plaintiff–
Appellant,

v.

Gale NORTON, U.S. Department of the
Interior, and Bureau of Land Man-
agement, Defendant–Appellee.

No. 00–17300.
D.C. CV–98–00053–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2002.*

Decided Feb. 25, 2002.

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to

Fed. R.App. P. 34(a)(2).

Before D.W. NELSON and HAWKINS, Circuit Judges, and FITZGERALD, District Judge.**

MEMORANDUM***

Russell T. Dailey appeals the district court's summary judgment for the United States Department of the Interior, Bureau of Land Management, in his suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Dailey was an employee of the BLM from 1974 until 1996.

■ Dailey argues that he was transferred because he was a male without custody of his children and that males without custody of their children should be considered a protected class. In support of his argument, Dailey cites *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971). *Phillips* held that in the absence of a business necessity, an employer may not refuse to hire women with preschool age children while hiring men with such children.

*Phillips* is the opposite of Dailey's case. In *Phillips*, the employer made an adverse employment decision that impacted women with children. Here, the employer allegedly made an adverse employment decision

impacting men without children. No case law, however, supports Dailey's contention that men who do not have custody of their children are in a protected group for purposes of Title VII.

Even if Dailey could be considered to be in a protected class, he has not shown that his assignments to Battle Mountain or Las Vegas were discriminatory. Joan Rivers–Council, Associate State Director of the BLM in Reno, Nevada, stated that Dailey requested the transfer, and that he considered the "office situation ... such that his ability to remain effective as an area manager in Elko was impossible." Although Dailey states that he did not want to go to Battle Mountain, he does not dispute Rivers–Council's statement that he requested a transfer. Rivers–Council articulated a legitimate, nondiscriminatory reason for the transfer, and Dailey has not shown that the reason for the transfer was pretextual.

Finally, Dailey has not shown which individuals outside his alleged protected class were treated more favorably.

Dailey also argues that he was subject to a hostile work environment. However, Dailey has failed to produce any facts to show that he was subjected to the type of "unwelcome, pervasive and regular" discriminatory conduct that is required for a hostile work environment claim. *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir.1999) (citations omitted).

■ Next, Dailey claims that he was subject to retaliation from the BLM. To make out a prima facie case of retaliation, Dailey "must establish 'that [he] acted to protect [his] Title VII rights, that an adverse employment action was thereafter

** The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

taken against [him], and that a causal link existed between those two events.'" *Kortan v. California Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir.2000) (quoting *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1465 (9th Cir.1994)). "To establish the first element of a prima facie case, [Dailey] must only show that [he] had a reasonable belief that the employment practice [he] protested was prohibited under Title VII." *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir.1994) (citations and internal quotation marks omitted). Dailey argues that Rodney Harris, the BLM District Manager in Elko, Nevada, falsified his time sheet and that the BLM retaliated against Dailey for reporting Harris' activity. Dailey also argues that he was retaliated against for reporting that Harris helped Phelps move out of Dailey's home. Additionally, Dailey argues that a reprimand he received for conducting personal business out of the office constituted retaliation.

The activities of Harris and Phelps do not constitute unlawful employment practices under Title VII. The purpose of Title VII is to eliminate discrimination in employment. *Id.* Neither the activities of Harris and Phelps, nor Dailey's reprimand for conducting personal business at work, constitute unlawful employment practices under Title VII. Even if Dailey could make out a prima facie case for retaliation, the BLM has shown that Dailey was assigned to another office because he requested a transfer. Dailey has not shown that the reason given for his transfer was pretextual.

Dailey argued before the district court that the BLM had a practice of discrimination against white males. None of the arguments, however, demonstrate a pattern or practice of sex discrimination within the BLM.

Dailey also made claims involving emotional harm and conspiracy. Dailey has not raised any arguments or provided any evidence to support a claim for emotional harm. Regarding conspiracy, the evidence does show that Harris and Phelps worked together to move Phelps from Dailey's home. Dailey has provided no evidence, however, to establish that Harris, Phelps, or Rivers–Council conspired to violate his Title VII rights.

Finally, Dailey argues that the BLM failed to provide discovery and that the discovery issues were raised before the lower court. The district court's order does not discuss any discovery issues. Additionally, nothing in the record establishes that the BLM either failed to provide discovery or violated any discovery order.

The district court properly granted summary judgment on Dailey's claims of sex discrimination, hostile work environment, retaliation, emotional harm, and conspiracy. The decision of the district court is therefore AFFIRMED.